UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CLARENCE DAVIS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:16 CV 844 |
| DIANE SCHROEDER, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Clarence Davis, a *pro se* prisoner, is a pretrial detainee at the St. Joseph County Jail. He is suing Diane Schroeder for placing him in segregation while in pretrial detention. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S.

520, 535 (1979). Thus, a pretrial detainee cannot be placed in segregation for punitive reasons (as a punishment) without notice and an opportunity to be heard. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). However, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate government objective, it does not, without more, amount to 'punishment.'" *Bell*, 441 U.S. at 539. Accordingly, the Seventh Circuit has held that "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons." *Higgs*, 286 F.3d at 438.

Davis alleges that he has been segregated due to his past "assaultive felony's[*sic*]" and his current rape charge. (DE # 1 at 3.) This court previously permitted a due process claim to proceed past the screening stage when a plaintiff alleged that he was placed in segregation "not for a *bona fide* managerial reason . . . but for punitive reasons related to his notoriety and the pending charges." *Erler v. Dominguez*, No. 2:09-CV-88-TLS, 2010 WL 670235, at *4 (N.D. Ind. Feb. 18, 2010). In the case at hand, however, Davis has not alleged that his segregation was intended to punish, rather than serve some legitimate government interest.

Specifically, Davis's allegations could be read to support the notion that he has been segregated due to the assaultive nature of his past convictions and other violent behaviors. (*See* DE ## 1 at 3, 1-1 at 1.) Yet, "no process is required when a pretrial detainee is segregated to protect jail staff and other prisoners from his violent propensities, *see Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir.2002); *Zarnes v. Rhodes*, 64 F.3d 285, 291–92 (7th Cir.1995)." *Davis v. Schroeder*, 464 F. App'x 549, 550 (7th Cir. 2012).

2

"[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators [because p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (quotation marks and ellipsis omitted). Therefore, Davis fails to state a claim for a violation of his due process rights based on these allegations.

Davis also alleges that his attorney has not visited him nor responded to his letters. He implies that this is because he is in segregation, but this is mere speculation. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law."

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Here, Davis has not provided any facts from which it would be plausible to infer that the defendant has prevented his attorney from communicating with him. Therefore these allegations do not state a claim.

Finally, Davis alleges that he is charged for medication. This does not state a claim because the Constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

For the foregoing reasons, Davis is **GRANTED** until February 21, 2017, to file an amended complaint which properly states a claim. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If Davis fails to file such an amended complaint, this action will be dismissed without further notice.

**SO ORDERED.**

Date:  December 20, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT